IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISELA V. MARQUEZ and FERNANDO MARQUEZ, as plenary co-guardians of CHLOE MARQUEZ, a disabled person; JANE DOE and JOHN DOE, legal guardians of JANE DOE 2, a minor, <br>                    Plaintiffs, <br><br>            v. <br><br>BHC STREAMWOOD HOSPITAL, INC., a Tennessee corporation, doing business as STREAMWOOD BEHAVIORAL HEALTHCARE SYSTEM, <br><br>                    Defendant. | Case No.: 20-cv-4267 <br><br> Plaintiffs Demands Trial by Jury |

**MOTION TO PROCEED UNDER THE PSEUDONYMS OF JANE DOE, JOHN DOE, AND JANE DOE 2**

Jane Doe and John Doe, as the legal guardians of Plaintiff Jane Doe 2, a minor, by their attorneys, Jennifer Sender and Andrés J. Gallegos of Robbins Salomon & Patt, Ltd., move this Court for leave to file the Complaint under the pseudonyms of Jane Doe, John Doe and Jane Doe 2, respectively. In support of said motion, Plaintiff states as follows:

1. A copy of the proposed Complaint is attached hereto as Exhibit A. With leave of court, the Plaintiff will file under seal the Complaint using the Does' proper names.

2. In the Complaint, Plaintiffs are seeking injunctive and monetary compensation against defendant for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.

§ 794, *et seq.*; and Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 U.S.C. § 18116. Plaintiffs allege that the defendant violated these federal anti-discrimination statutes by refusing to admit Plaintiffs, Chloe Marquez and Jane Doe 2, to its psychiatric hospital based on the disabilities of the Plaintiffs.

3. As alleged in the proposed Complaint, Jane Doe 2 is a minor.

4. As more fully described in the proposed Complaint, the events surrounding the requested admission of Jane Doe 2 to defendant's facility, were very traumatic and sensitive in nature, namely, Jane Doe 2 was experiencing a psychiatric crisis, including anxiety and delusions, and was expressing thoughts of suicide, and a hospital emergency department's psychiatry crisis intervention team was seeking immediate placement of her in mental and behavioral health facility for treatment. (See Exhibit A, ¶¶ 18-20.)

5. A district court has the discretion to allow parties to proceed under fictitious names. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "[P]articularly vulnerable parties" such as "children [or] rape victims" may be better positioned to demonstrate exceptional circumstances. *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by a showing that the harm to the [party requesting anonymity]…exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

2

6.      Here, exceptional circumstances exist to warrant the use of fictitious names for the protection of a child. Moreover, given the sensitive medical nature of the circumstances that led to this litigation, as fully set forth in the proposed Complaint, the privacy of the minor Plaintiff exceeds any likely harm from concealment of her identity. Finally, anonymity of Plaintiff's parents, as her guardians, is necessary to ensure the anonymity of the minor Plaintiff, as her name could easily be discerned by the disclosure of her parents' names.

WHEREFORE, Jane Doe and John Doe, as the legal guardians of Plaintiff Jane Doe 2, a minor, request that this Honorable Court allow them leave to file the Complaint under the pseudonyms of Jane Doe, John Doe and Jane Doe 2, respectively.

>           Jane Doe and John Doe, as legal guardians of Plaintiff Jane Doe 2, a minor.
>
>           /s/ Jennifer M. Sender
>           ―――――――――――――――
>           One of Their Attorneys

Jennifer M. Sender (ARDC No. 6207774)
Andrés J. Gallegos (ARDC No. 6212168)
Attorneys for Plaintiff Jane Doe 2
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000 - Telephone
(312) 782-6690 - Facsimile
jsender@rsplaw.com
agallegos@rsplaw.com