IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISELA V. MARQUEZ and FERNANDO MARQUEZ, as plenary co-guardians of CHLOE MARQUEZ; JANE DOE and JOHN DOE, legal guardians of JANE DOE 2, a minor, | ) ) ) ) ) | Case No. 20-cv-4267 |
| | ) | Judge Robert M. Dow, Jr. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BHC STREAMWOOD HOSPITAL, INC. d/b/a Streamwood Behavioral Healthcare System, a Tennessee corporation, | ) ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring this action against Defendant BHC Streamwood Hospital, Inc. for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and Section 1557 of the Patient Protection and Affordable Care Act ("ACA"). The Court previously issued a memorandum opinion and order [29] granting in part and denying in part Defendant's motion to dismiss the original complaint. Specifically, the motion was granted in part as to Counts 1 and 4 and denied in part as to Counts 2, 3, 5, and 6.

Plaintiffs have filed an amended complaint [36], as to which Defendant has renewed its motion to dismiss [see 49]. After briefing on that motion closed, the Supreme Court issued its decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). In light of that decision, the Marquez Plaintiffs filed a motion [73] for voluntary dismissal of their claims for compensatory damages and injunctive relief in Counts I, II, and III. On the same day, the Doe Plaintiffs filed a motion [74] seeking voluntary dismissal of their claims for compensatory

damages in Counts V and VI. The Court granted both motions on May 18, 2022 [see 75].

The Court's May 18 order [75] resulted in the voluntary dismissal without prejudice of all claims by the Marquez Plaintiffs. It also mooted a portion of Defendant's motion to dismiss [49], leaving for decision only the continued viability of the Doe Plaintiffs' claims for injunctive relief. For the reasons stated below, the Court now grants Defendant's motion to dismiss [49] the Doe Plaintiffs' claims for injunctive relief in Counts IV, V, and VI for lack of standing. The remaining parties are directed to confer and to file a joint status report no later than October 21, 2022, as to the claim for compensatory damages in Count IV.

I.  Background

A.  Allegations as to Jane Doe 2 in the Original Complaint

Defendant Streamwood Hospital is a Tennessee corporation that has provided mental health services in Illinois since 1991. [36 at ¶ 7.] Streamwood was the first free-standing child, adolescent, and young adult behavioral healthcare facility in Illinois, and its primary focus remains on providing emotional and behavioral healthcare services to teens and young adults. [*Id.* at ¶¶ 1, 7.] The original Plaintiffs are two individuals who allege that they were denied treatment at Streamwood because of their physical disabilities. This opinion focuses only on Plaintiff Jane Doe 2, as Plaintiff Chloe Marquez has voluntarily dismissed her claims.[1]

Plaintiff Jane Doe 2, a minor, lives with her parents in Northbrook, Illinois. [*Id.* at ¶ 6.] She suffers from cerebral palsy and has a history of anxiety and depression. [*Id.* at ¶¶ 6, 17.] Jane Doe 2 also requires a wheelchair because of her cerebral palsy. [*Id.* at ¶ 18.]

---

[1] For purposes of Defendant's motion to dismiss, the Court accepts as true all well-pled allegations set forth in the amended complaint [36] and draws all reasonable inferences in Plaintiff Jane Doe 2's favor. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

2

Jane Doe 2 was attending a summer camp for children with disabilities in Grand Rapids, Michigan, in July 2019 when she began having episodes of significant anxiety, confusion and delusion, and expressing suicidal thoughts. [36 at ¶ 19.] She was rushed by ambulance to a hospital in Grand Rapids where she remained as an inpatient for five nights. [*Id.*] Hospital employees searched for a mental and behavioral health hospital in the Grand Rapids area where Jane Doe 2 could receive treatment, but they were unsuccessful. [*Id.*] An outpatient psychiatrist at the hospital discharged Jane Doe 2 to her mother on July 30, 2019, and recommended that Jane Doe 2 go to the emergency department of Highland Park Hospital to expedite the search for inpatient psychiatric care at a local facility in Illinois. [*Id.*] Highland Park Hospital's crisis intervention team diagnosed Jane Doe 2 as having depression with psychosis and concluded that she required immediate hospitalization. [*Id.* at ¶ 20.] The hospital could not admit Jane Doe 2 to its own mental and behavioral health unit, however, so it searched for another inpatient facility on Jane Doe 2's behalf. [*Id.* at ¶ 21.]

On July 31, 2019, a member of Highland Park Hospital's crisis intervention team contacted Streamwood seeking treatment for Jane Doe 2. [*Id.* at ¶ 21.] The crisis intervention team member faxed a referral packet to Streamwood and followed up with the hospital a few hours later. [*Id.*] A Streamwood employee initially denied receiving the referral packet, but after having it faxed to Streamwood a second time, informed the Highland Park Hospital employee that it could not accommodate Jane Doe 2 because of her physical needs. [*Id.*]

B.   **Additional Allegations as to Jane Doe 2 in the Amended Complaint**

All of the foregoing allegations were stated in both the original and amended complaints. In its review of Plaintiffs' amended complaint, Defendant has drawn out the following additional allegations:

3

- Plaintiffs "had a history of having and being treat[ed] for depression" and anxiety [36 at ¶¶ 5, 6];

- Plaintiff Doe had worsening anxiety and depression and was diagnosed with schizophrenia in the months leading up to her June 2019 psychiatric episode, and "her treating psychiatrist . . . advised that [if a mental health crisis were to emerge], there is no suitable alternative to a specialized psychiatric hospital" [*Id*. ¶ 17];

- Medical facilities, in general, set admissions criteria, including requirements that "patients be 'medically cleared' for admission," that vary "from hospital to hospital and can change quickly by the hospitals to which patients are seeking to be transferred for psychiatric inpatient care." [*Id*. ¶ 2];

- Plaintiffs intend to "again seek admission" to Streamwood [*Id*. ¶¶ 9, 17; cf. *id*. at ¶¶ 8, 16 (alleging that Plaintiffs "intend to return to Streamwood")].

Defendant submits that these additional facts are mere variations (or re-wordings) of the same ones that rendered Plaintiffs' original complaint insufficient to plausibly allege an Article III injury.

Plaintiffs respond that Defendant has omitted key additional allegations, pointing specifically [see 55, at 9] to the following:

> Jane Doe 2 was diagnosed with the chronic mental health condition of schizoaffective disorder, which is a combination of symptoms of schizophrenia and mood disorder. In Jane Doe 2's case, her symptoms include manic symptoms, paranoia, delusions, and depression. She experiences escalations in her symptoms both with triggers, such as stress related to school and her disability, and without triggers. These escalations result in anger, aggressiveness and violent behaviors, which without treatment can lead to harm to herself or others. Given Jane Doe 2's serious, chronic mental health condition, her treating psychiatrist has advised that due to Jane Doe 2's developing adolescent brain, her fluctuating hormones due to adolescence, and stress from her disability, there is a likelihood that she will need inpatient psychiatric treatment at times to prevent self-harm and harm to others. Her treating psychiatrist has also advised that in those instances, there is no suitable alternative to a specialized psychiatric hospital or hospital with a specialized psychiatric unit.

[36 at ¶ 17.] Plaintiffs emphasize the allegation that Jane Doe 2's treating psychiatrist has advised her that she will likely need inpatient psychiatric treatment at times to prevent self-harm, given multiple stressors, several of which are permanent, including her disability and her diagnosis of schizoaffective disorder. They further point to the allegation that when those likely future events

4

occur, Jane Doe 2 will need to seek treatment at a specialized psychiatric hospital or hospital with a specialized psychiatric unit and will seek admission at Defendant's facility.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) "provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing." *Stubenfield v. Chicago Housing Auth.*, 6 F. Supp. 3d 779, 782 (N.D. Ill. 2013) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996)). Typically, "[i]n ruling on a motion to dismiss for want of standing, the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Retired Chicago Police Ass'n*, 76 F.3d at 862); see also *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018); *Browner v. Am. Eagle Bank*, 355 F. Supp. 3d 731, 732–33 (N.D. Ill. 2019). However, when "standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'—that is a showing by a preponderance of the evidence—that standing exists." *Lee*, 330 F.3d at 468; see also *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 445 (7th Cir. 2009) (once evidence calling the plaintiff's standing into question is proffered, the presumption of correctness accorded to a complaint's allegations falls away, and the plaintiff bears the burden of coming forward with competent proof that standing exists).

**III.    Analysis**

"To establish Article III standing, plaintiffs must show they have suffered '(1) a concrete and particularized injury in fact (2) that is fairly traceable to the challenged action of the defendant, and that is (3) likely to be redressed by a favorable judicial decision." *Gaylor v. Mnuchin*, 919 F.3d 420, 425 (7th Cir. 2019) (quoting *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815,

5

819 (7th Cir. 2014)). As was the case with Defendant's challenge to the original complaint, the first element again is at issue here.

Defendant argues that Plaintiff lacks standing to pursue injunctive relief under the ADA, Rehabilitation Act, and the ACA. [50 at 4.] As explained in the leading case from our circuit, to obtain prospective injunctive relief under the ADA, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of the public accommodation to her home, that she intends to return to the public accommodation in the future.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Defendant argues that even if Plaintiff has plausibly alleged a past injury, she has not alleged any facts which tend to show that she will face discriminatory treatment by Streamwood again in the future. The Court found this argument persuasive the first time and does again upon consideration of the amended complaint.

The Seventh Circuit's opinion in *Scherr* remains instructive. That case involved an elderly plaintiff who required the use of a walker and was injured while exiting the bathroom of her hotel room at the Courtyard Marriott Hotel in Overland Park. Plaintiff brought an action under Title III of the ADA alleging that the hotel's use of the spring-hinged door closers which caused her injury violated the ADA. Scherr sought injunctive relief from not only the hotel in which she sustained her injury, but also 56 other Courtyard Marriott Hotels in other locations which used the same spring-hinged door closers that caused her injury. In affirming the district court's judgment on the pleadings in favor of the Defendants, the Seventh Circuit ruled that Scherr had standing to seek

6

injunctive relief from the Overland Park hotel but lacked standing to sue the other 56 hotels she named as defendants.

Scherr had standing to sue the Overland Park Courtyard Marriott because her complaint established a concrete intent to return to the hotel. Scherr stated in her complaint that "she would use the Overland Park Courtyard Marriott but for the alleged continuing ADA violations," she was "aware that the hotel continue[d] to use the spring-hinged door closers," and "much of her extended family live[d] in the area and the Overland Park Courtyard Marriott [was] close to them." *Id.* These allegations, the Court determined, established her specific plans to return to the hotel. In fact, Scherr's stated plans to attend her cousin's then-upcoming wedding in the Overland Park area were "sufficient to support a plausible inference that Scherr would have liked to return to the hotel but for its continued use of the spring hinges." *Id.*

Here, by contrast, Plaintiff Jane Doe 2 says very little about her future plans: "Upon the Hospital's compliance with its federal nondiscrimination mandates, she intends to return to Streamwood Hospital." [36 at ¶ 17.] The amended complaint adds that given Jane Doe 2's mental health challenges, "there is a likelihood that she will need inpatient psychiatric treatment at times to prevent self-harm and harm to others." [*Id.* at ¶ 17.] Nor is there any basis from which to infer that past circumstances can predict future actions, as the amended complaint, like the original complaint, references only a single attempt to gain admission to Streamwood in 2019. In other words, as best the Court can tell from the existing record, Plaintiff has not had occasion to seek admission to Streamwood in the past three years.

Assuming for analysis that Streamwood's facilities are indeed non-ADA-compliant, Plaintiffs must still "allege a 'real and immediate' threat of future violations of their rights" to obtain the prospective injunctive relief they seek, *Scherr*, 703 F.3d at 1074 (citing *City of Los*

7

*Angeles v. Lyons*, 461 U.S. 95, 102 (1983)), and they have failed to do so. See *Jeuch v. Children's Hosp. and Health Sys., Inc.*, 353 F. Supp. 3d 772, 786 (E.D. Wis. 2018) ("The fact that [plaintiff] *could* return to Children's Hospital is insufficient."). While Plaintiff has a history of anxiety and depression which has "and will likely from time to time require intervention or treatment on an inpatient or outpatient basis," [36 at ¶¶ 9, 17], her need for ongoing psychiatric care does not establish that she will need to return to Streamwood. See *Ayling v. Memorial Health Sys.*, 2019 WL 2234061, at *3 (C.D. Ill. May 23, 2019) (noting that the allegations showed that plaintiff will need "continued care" after bypass surgery, but did "not establish that he will need hospitalization or that he will return" to the defendant hospital); see also *McCullum v. Orlando Regional Healthcare Sys., Inc.*, 768 F.3d 1135, 1146 (11th Cir. 2014) (finding that despite having required two extended stays at the defendant's hospitals in the past, plaintiff "failed to establish a real and immediate threat that he will be readmitted" at either hospital).

Rather than demonstrating a concrete intent to return to Streamwood, Plaintiff's allegations resemble those made by the plaintiff in *Scherr* against the other 56 hotels relative to which the court of appeals found she lacked standing. See *Scherr*, 703 F.3d at 1075 ("[A]t no point does [the plaintiff] claim that she would visit a particular Courtyard Marriott but for the alleged ADA violations, and she does not show an intent even to return to any geographic area where another Courtyard Marriott is located."). Plaintiff therefore has not alleged an injury in fact that would entitle her to prospective injunctive relief.

It is worth mentioning that since this Court dismissed the initial complaint, two other judges in this District also have found that plaintiffs lacked standing on virtually identical allegations, citing this Court's opinion and relying on *Scherr* as controlling authority. See *Marquez v. Riveredge Hosp., Inc.*, 2022 WL 832650, at *3 (N.D. Ill. Mar. 21, 2022); *Marquez v. Bd. of Trs.*

8

*of Univ. of Ill.*, 2022 WL 326967, at *3 & n.1 (N.D. Ill. Feb. 3, 2022). As Judge Aspen noted in *Riveredge*, the facts alleged in each of these cases "make[] [Plaintiff's] intent to seek treatment at Riveredge no more concrete than her plans vis-à-vis the University of Illinois or BHC Streamwood." 2022 WL 832650, at *4. Plaintiffs suggest that the result might be different under *Mosley v. Kohl's Dep't Store*, 942 F.3d 752, 759 (6th Cir. 2019), but that is the law of another Circuit.

**IV.     Conclusion**

For the reasons stated above, the Court grants Defendant's motion to dismiss [49] Jane Doe 2's remaining claims for injunctive relief in Counts IV, V, and VI for lack of standing. The remaining parties are directed to confer and to file a joint status report no later than October 21, 2022, as to the claim for compensatory damages in Count IV.

Dated: September 30, 2022                    _____
                                             Robert M. Dow, Jr.
                                             United States District Judge